B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

**PLAINTIFFS**

Dennis Faulkner, Trustee of the FS Liquidating Trust

**DEFENDANTS**

Preferred Pipeline, LLC dba

Preferred Sands Holding Company, LLC

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

Mark J. Petrocchi, Griffith, Jay & Michel, LLP

2200 Forest Park Blvd., Ft. Worth, TX 76110

817-926-2500

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)

☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor        ☐ Other
☒ Trustee

**PARTY** (Check One Box Only)

☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin
☒ Creditor        ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

§§'s 544, 547, 548, 549 and 550 of Title 11 of the United States Code

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
    actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $398,383.64 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR Frac Specialists, LLC, Cement Specialists,LLC Acid Specialists, LLC | BANKRUPTCY CASE NO. 15-41974 | |
| DISTRICT IN WHICH CASE IS PENDING Northern | DIVISION OFFICE Fort Worth | NAME OF JUDGE Mullin |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/Mark J. Petrocchi | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Mark J. Petrocchi | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Mark J. Petrocchi
State Bar No. 15851750
GRIFFITH, JAY & MICHEL, LLP
2200 Forest Park Blvd.
Fort Worth, TX  76110
Phone (817) 926-2500
Fax (817) 926-2505
mpetrocchi@lawgjm.com
**COUNSEL FOR THE TRUSTEE OF THE FS LIQUIDATING TRUST**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| FRAC SPECIALISTS, LLC, | § | CASE NO. 15-41974-mxm-11 |
| CEMENT SPECIALISTS, LLC, | § | 15-41975-mxm-11 |
| ACID SPECIALISTS, LLC | § | 15-41976-mxm-11 |
| | § | |
| DEBTORS | § | |
| | § | JOINTLY ADMINISTERED |
| | § | UNDER CASE NO. 15-41974 |

_____

| | | |
|---|---|---|
| DENNIS FAULKNER, TRUSTEE | § | |
| OF THE FS LIQUIDATING TRUST, | § | |
| | § | |
| Plaintiff, | § | Adversary Proceeding |
| v. | § | |
| | § | No.  ___ |
| PREFERRED PIPELINE, LLC DBA | § | |
| PREFERRED SANDS HOLDING | § | |
| COMPANY, LLC | § | |
| | § | |
| Defendant. | § | |

**COMPLAINT AGAINST PREFERRED PIPELINE, LLC DBA PREFERRED SANDS
HOLDING COMPANY, LLC
TO AVOID TRANSFERS**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

Dennis Faulkner, Trustee of the FS Liquidating Trust, and on its behalf ("Plaintiff")

complains of PREFERRED PIPELINE, LLC DBA PREFERRED SANDS HOLDING

COMPANY, LLC ("Defendant") as follows:

## I.  PARTIES

1.      Plaintiff, as the successor in interest to Frac Specialists, LLC, Cement Specialists,

LLC and Acid Specialists, LLC (the "Debtors"), owns a cause of action vested in Plaintiff for the

benefit of the creditors of the Debtors.

2.      Defendant is a company registered to do business in Texas, with such authority

forfeit. Pursuant to Bankruptcy Rule 7004, service of the summons in this adversary proceeding

may be made upon Defendant by sending the summons and a copy of the complaint by first class

mail to its registered agent, Corporation Service Company DBA CSC - Lawyers Inco, 211 E. 7th

Street, Suite 620, Austin, TX 78701.

## II.  JURISDICTION AND VENUE

3.      This Court has jurisdiction over this proceeding pursuant to the provisions of 28

U.S.C. §§'s 1334 (b) and 157 (a), as preserved by Article 13.01 of the Plan of Reorganization (the

"Plan", Doc. No. 718).

4.      This proceeding constitutes a core proceeding pursuant to 28 U.S.C. §157 (b) (2),

including subsections (A), (F), (H) and (O).

5.      Pursuant to 28 U.S.C. §§'s 1408 and 1409 (a), venue is proper in this Court.

6.      This adversary proceeding is brought pursuant to one or more of §§'s 544, 547,

548, 549, and 550 of title 11 of the United States Code, as amended (the "Bankruptcy Code").  To

the extent the facts recited in this Complaint are not as currently understood by the Plaintiff, the

right to pursue recovery under other sections of the Bankruptcy Code, including the sections

mentioned herein is reserved. The allegations made herein by Plaintiff are made in the alternative as allowed under Fed. R. Civ. P. 8 (e), as made applicable to this adversary by Bankr. R. 7008.

## III.  FACTUAL ALLEGATIONS

7.      Frac Specialists, LLC, Cement Specialists, LLC and Acid Specialists, LLC filed for bankruptcy protection on or about May 17, 2015 under Chapter 11 of the Bankruptcy Code (the "Petition Date").

8.      On or about March 21, 2017, this Court entered its Order Confirming Plan of Reorganization (Doc. No. 772, the "Plan"). Pursuant to the terms of the Plan, Plaintiff was created for the benefit of the creditors of Debtors and succeeded to the avoidance causes of action alleged herein.

9.      The FS Liquidating Trust was created on March 31, 2017, and Dennis Faulkner acts as the Trustee of the FS Liquidating Trust pursuant to 11 U.S.C. §1102.

10.     Plaintiff seeks to avoid and recover certain transfers of interests of the Debtors in property made before the Petition Date (collectively, the "Pre-Petition Transfers"). The Defendant is believed to have received at least the following transfers:

Pre-Petition Transfers

| Check Date | Check Number | Amount | Clear Date |
|---|---|---|---|
| 2/12/2015 | FS-1739 | $339,945.14 | 2/24/2015 |
| 3/6/2015 | FS-1870 | $9,454.60 | 3/11/2015 |
| 3/27/2015 | FS-1986 | $39,208.30 | 3/31/2015 |
| 4/23/2015 | FS-2160 | $9,775.60 | 5/1/2015 |
| | Total | $398,383.64 | |

11.     At all times during the ninety (90) days prior to the bankruptcy of the Debtors, there is a presumption of insolvency on the part of the Debtors and arguably prior to that time the Debtors were insolvent.

12.     The receipt of the Pre-Petition Transfers allowed the Defendant to receive more than it would have received had the bankruptcy case been a case under chapter 7 of the Bankruptcy Code, the Pre-Petition Transfers had not been made and the Defendant received payment of such debt to the extent provided by chapter 7 of the Bankruptcy Code.

13.     Details regarding the Pre-Petition Transfers, to the extent currently known by Plaintiff, are described above.  However, Plaintiff reserves the right to include within the Pre-Petition Transfers any other transfers made before the Petition Date that may be avoidable by Plaintiff.

14.     The Pre-Petition Transfers constitute preferential payment of claims pursuant to §547 of the Bankruptcy Code which states that the bankruptcy Trustee may avoid a transfer of any interest of any property of the Debtors made:

(1)     to or for the benefit of a creditor:
(2)     for or on account of an antecedent debt owed by the debtor before such transfer is made;
(3)     made while the debtor was insolvent;
(4)     made -
(A) on or within ninety (90) days of the date of the filing of the petition or
(B) between ninety (90) days and one (1) year before the date of the filing of the petition is such creditor at the time of such transfer was an insider; and
(5)     that enables the creditor to receive more than such creditor would receive if -
(A) the case were a case under Chapter 7 of this Title;
(B) the transfer had not been made; and
(C) such creditor received payment of such debt to the extent provided by the provisions of this Title.

15.    The Pre-Petition Transfers paid the related invoices from the Defendant.  In a chapter 7 liquidation, the bankruptcy estates of the Debtors would be unable to satisfy in full the claims of unsecured creditors.

16.    Each of the Pre-Petition Transfers listed are voidable pursuant to §547 of the Bankruptcy Code, and to the extent it is necessary as applied in connection with §544 and §550.

17.    The Pre-Petition Transfers total $398,383.64.


## IV.  CLAIM FOR RELIEF – AVOIDANCE OF PRE-PETITION TRANSFERS

18.    The Pre-Petition Transfers are avoidable under §547 of the Bankruptcy Code.

19.    Pursuant to §550 of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant $398,383.64 plus interest thereon from the date of each payment or transfer.

## V.  CLAIM FOR RELIEF – DISALLOWANCE OF CLAIM

20.    The Bankruptcy Code provides in §502(d):

"Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title."

21.    The filed or scheduled claims of the Defendant should be disallowed under §502(d).

## VI.  PRAYER

**WHEREFORE** Plaintiff respectfully prays that this Court:

(i)    avoid the Post-Petition Transfers described in this Complaint pursuant to §547 of the Bankruptcy Code, and

(ii)    disallow any filed or scheduled claims of the Defendant, and

(iii)    enter judgment in favor of Dennis Faulkner, Trustee of the FS Liquidating Trust against PREFERRED PIPELINE, LLC DBA PREFERRED SANDS HOLDING COMPANY, LLC, in an amount equal to the sum of the Pre-Petition Transfers ($398,383.64), plus pre-judgment and post-judgment interest for each payment, costs and attorneys' fees; and

(iv)    grant Plaintiff such other and relief as this Court deems just and proper.

Respectfully submitted,

*/s/Mark J. Petrocchi*
Mark J. Petrocchi
State Bar No. 15851750
GRIFFITH, JAY & MICHEL, LLP
2200 Forest Park Blvd.
Fort Worth, TX  76110
Phone (817) 926-2500
Fax (817) 926-2505
mpetrocchi@lawgjm.com
**COUNSEL FOR THE TRUSTEE OF THE FS LIQUIDATING TRUST**